# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TRIDENT CONSTRUCTION COMPANY,
INCORPORATED,

       *Plaintiff-Appellant,*

v.

THE AUSTIN COMPANY,

       *Defendant-Appellee.*

No. 03-1997

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-02-702-2-18)

Argued: February 26, 2004

Decided: March 30, 2004

Before WILKINS, Chief Judge, and MOTZ and
TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Amanda Rajsich Maybank, PRATT-THOMAS, EPTING
& WALKER, P.A., Charleston, South Carolina, for Appellant. Keith
L. Baker, BARTON, BAKER, MCMAHON & TOLLE, L.L.P.,
McLean, Virginia, for Appellee. **ON BRIEF:** Sean K. Trundy,
PRATT-THOMAS, EPTING & WALKER, P.A., Charleston, South
Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Trident Construction Company, Inc. (Trident) appeals a district court order granting summary judgment against it in its lawsuit against The Austin Company (Austin) stemming from an alleged agreement to build an airplane hangar. Finding no error, we affirm.

### I.*

This case arises out of the solicitation of proposals by the Navy for the design and construction of a "Corrosion Control Facility," including an airplane hangar, for the Charleston (South Carolina) Air Force Base. In 1999, Austin, which is in the business of designing and constructing industrial facilities, requested that American Buildings Company (American) submit a subcontract proposal to Austin for supplying and constructing the hangar. American expressed interest but recommended that Austin should also involve a local dealer since the project included erection of the hangar. After American contacted Trident, a Charleston construction contractor, the three parties allegedly met in late 1999 and agreed to work together as a team to compete for the Navy contract. They orally agreed that if Austin received the contract, Trident would receive the subcontract to supply and erect the hangar, and American would supply the materials to Trident. Trident subsequently submitted a number of project proposals to Austin, and Austin requested certain changes.

Austin was eventually awarded the Navy contract in June 2000 at a price of $18,117,000—the estimated price Austin had submitted in its proposal, which included Trident's price for supplying and erect-

---

*In reviewing a grant of summary judgment, we view the facts in the light most favorable to the nonmoving party. *See Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999).

ing the hangar. After receiving the contract, Austin continued to nego-tiate with Trident. However, apparently unbeknownst to Trident, Austin also solicited subcontract bids from other companies. Upon hearing rumors that Austin was soliciting other bids, Trident's presi-dent called William Lockwood of Austin, who denied the rumors. Nevertheless, Austin eventually subcontracted with another company to supply and erect the hangar.

Trident subsequently brought suit against Austin in state court, alleging causes of action for breach of contract, breach of contract accompanied by a fraudulent act, promissory estoppel, and unjust enrichment. Austin removed the case to federal district court and moved for summary judgment.

The district court granted Austin's motion on all claims. The court concluded as a matter of law that the breach of contract claim was barred by the statute of frauds because Trident's alleged oral contract to supply and erect the airplane hangar for Austin constituted "a con-tract for the sale of goods for the price of $500 or more" and none of the exceptions to the statute applied. S.C. Code Ann. § 36-2-201(1) (West 2003). The court further ruled that even if the statute of frauds did not bar the claim, Trident failed to forecast evidence from which a reasonable jury could conclude that the parties entered into an enforceable contract. The court reasoned that even if Trident and Aus-tin agreed to enter into a subcontract in the event that Austin received the Navy contract, Trident failed to forecast evidence that the parties ever settled on a particular proposal or price. This failure also formed the basis for the grant of summary judgment on Trident's claim for breach of contract accompanied by a fraudulent act.

As for promissory estoppel, the court ruled that such a claim could not be used to circumvent the statute of frauds without proof of the existence of a contract that would be binding absent the statute. Finally, the court disposed of the unjust enrichment claim on the ground that it is not unjust for a general contractor to use a subcon-tractor's bid in obtaining a contract and yet eventually award the sub-contract to another subcontractor.

## II.

Trident contends that the district court erred in granting summary judgment against it. Having had the benefit of oral argument and the

parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. *See Trident Constr. Co. v. Austin Co.*, No. 2:02-0702-18 (D.S.C. July 16, 2003).

*AFFIRMED*